## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ASHLEY CHANDLER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>EXTENDED STAY AMERICA; ESH/ESA PROPERTIES, LLC; ESA MANAGEMENT, INC.; ESA P PORTFOLIO, LLC; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.:  20-CV-0024 W (BLM)<br><br>**ORDER FOR FURTHER BRIEFING ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [DOC. 7]** |

　　　Pending before the Court is Plaintiff's Application for Default Judgment.  [Doc. 7.] The application is based on Defendant ESH/ESA Properties, LLC's ("Defendant") failure to respond to the Complaint served to them on December 5, 2019.  (*Proof of Service* [Doc. 7-2.])  Codefendants Extended Stay America; ESA Management, Inc.; and ESA P Portfolio, LLC ("Codefendants") maintain, and have attempted to inform Plaintiff on four separate occasions (January 17, 2020; February 3, 2020; February 13, 2020; and March 6, 2020) that Defendant is unable to answer Plaintiff's Complaint because Defendant "does not exist."  (*Opp'n to Default J.* [Doc. 8] 2:2–8.)  It is not clear from the record if Plaintiff has ever directly responded to Codefendants.

1

1       On February 2, 2020, the Clerk entered default for ESH/ESA Properties, LLC. (*Clerk's Entry of Default* [Doc. 6].)  On March 4, 2020, Plaintiff applied for default judgment.  (*App. for Default J.* [Doc. 7].)  On March 16, 2020, Codefendants opposed Plaintiff's Motion for Default Judgement on the basis that ESH/ESA Properties, LLC "does not exist." (*Opp'n to Default J.* [Doc. 8] 3:16–18.)  On April 6, 2020, Plaintiff replied to Codefendants' Opposition with records from the County of San Diego and the California Secretary of State showing that Defendant ESH/ESA Properties, LLC does exist, is a SOS/FTB forfeited corporation, and is the current owner of the property that Plaintiff alleges to have been injured on.  (*Reply* [Doc. 9] 4:12–27; *Cty. of San Diego Pub. Rec.* [Doc. 9-2, Ex. D]; *Cty. of San Diego Treas.-Tax Collector Rec.* [Doc. 9-3, Ex. E]; *Cal. Sec'y of State Bus. Search* [Doc. 9-4, Ex. F].)  Again, it is not clear if Plaintiff ever attempted to meet and confer with Defendant between obtaining these records on March 13, 2020, and filing the Reply on April 6, 2020.

      As a suspended corporation, Defendant would be subject to action against it and would be unable to defend such an action while suspended.  <u>See, e.g.</u>, Cal. Rev. & Tax. Code § 23301 (West 2001); <u>Reed v. Norman</u>, 48 Cal.2d 338, 343 (1957).  If Defendant is now a dissolved corporation, it may still be sued and may defend an action while in the process of wrapping up its affairs.  <u>See</u>, e.g., Cal. Corp. Code § 2010 (West 2006); Cal. Corp. Code § 17707.07 (West 2020); <u>Peñasquitos, Inc. v. Superior Court</u>, 53 Cal.3d 1180, 1194 (1991).  In either event, Defendant may be subject to default judgement, entry of which is within the trial court's discretion.  See <u>Taylor Made Golf Co. v. Carsten Sports, Ltd.</u>, 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing <u>Lau Ah Yew v. Dulles</u>, 236 F.2d 415, 416 (9th Cir. 1956)).  However, default judgements are "ordinarily disfavored" and cases should be decided on the merits "whenever reasonably possible." <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).  Additionally, the purpose of section 23301 is not punitive, but rather is meant to incentivize corporations to pay their taxes.  See <u>United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cty., State of Cal.</u>, 791 F.2d 666, 668 (9th Cir. 1985).  Thus, the "normal practice" when

1  suspension status comes to light during litigation is to "permit a short continuance to
2  enable the suspended corporation to effect reinstatement." Timberline, Inc. v.
3  Jaisinghani, 54 Cal.App.4th 1361, 1366–67 (1997).
4      Codefendants are hereby **ORDERED** to file a supplemental briefing in connection
5  with their Opposition to Plaintiff's Application for Default Judgement, clarifying the
6  legal status of Defendant ESH/ESA Properties, LLC and any action Defendant is taking
7  to revive or dissolve its status in California. The document must be filed by **Friday,**
8  **June 5, 2020**. It must not exceed five pages, exclusive of exhibits. Plaintiff may file a
9  responsive brief on this issue if they so desire on or before **Wednesday, June 10, 2020**.
10 It must not exceed five pages, exclusive of exhibits.

    **IT IS SO ORDERED.**

Dated:  May 27, 2020

_____
Hon. Thomas J. Whelan
United States District Judge